**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS SCOTT WERLING, ) <br> a/k/a LIL SIPPY, ) <br> ) <br> Plaintiff, ) <br> ) No. 4:24-cv-01635-SEP <br> v. ) <br> ) <br> GRIFFIN MENNE, et al., ) <br> ) <br> Defendants. ) | |

## MEMORANDUM & ORDER

Self-represented Plaintiff Nicholas Werling, a citizen of the State of Wisconsin, filed this civil action on December 4, 2024, against Griffin Menne, a purported citizen of Missouri. *See* Doc. [1]. On that same date, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2]. On February 25, 2025, Plaintiff filed a Motion to Amend the Complaint, along with a Proposed Amended Complaint, Docs. [13], [13-1]. In the Motion to Amend, Plaintiff seeks to add a John Doe Defendant, who he states is a citizen of Michigan. *Id.* at 6. The Court will grant Plaintiff's Motion to Amend, making the Amended Complaint the operative pleading in this action. On review of the Amended Complaint, the Court will deny Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], and order Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

On January 10, 2025, a self-represented British citizen, Lucas Gunatilleke, filed a Motion to Intervene, a Motion to Proceed *in Forma Pauperis*, and a Proposed Complaint. Docs. [10], [10-1]. As set forth below, the Motion to Intervene will be denied, as will the accompanying Motion to Proceed *in Forma Pauperis*, Doc. [11], and Motion for Issuance of Summons, Doc. [12].

### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Nicholas Werling, also known as Lil Sippy, is a citizen of Wisconsin. Docs. [7], [8]. He filed his Amended Complaint on a Court-provided form against Defendant Griffin Menne, a purported citizen of Missouri, and John Doe, who he claims is a citizen of Michigan. Docs. [7], [8], and [13-1]. He states that he is bringing this action under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. [13-1] at 5.

Plaintiff alleges that Defendant Menne is known by the screen name, "Clark," and uses the Reddit account "u/Better_Word_4378" to post comments. Plaintiff does not indicate how he discovered Defendant Menne's actual name and home address. He claims that Defendant John Doe utilizes the Reddit account "Extension_Nerve_1947." *Id.* at 6. He does not specify how he uncovered Defendant John Doe's alleged Michigan citizenship.

Plaintiff claims that on November 14, 2024, at approximately 9:48 p.m., Defendant Menne replied to a comment on an online Reddit post by Plaintiff as follows:

> Everyone begs for update and Daniel content. It takes no time at all out of my day to do so, better than that p3do sippy.

*Id.* Plaintiff asserts that Menne's post was defamatory in nature because he was referring to him, *i.e.,* Lil Sippy, as a pedophile, even though Menne was aware, or should have been aware, that he was not a pedophile. *Id.*

Plaintiff also claims that Defendant John Doe "spread lies" about Plaintiff in October of 2024, by commenting on a "since-deleted" Reddit post, stating:

> an Air Force base put out a notice that [Plaintiff] was armed and dangerous after [Plaintiff] threatened the base

*Id.* at 6. Plaintiff states that Defendant Doe knew, or reasonably should have known, that his statement was false or defamatory. *Id.* Plaintiff asserts that the amount in controversy in this action is four million dollars. *Id.* at 4. He further alleges that he is entitled to punitive damages due to actual malice. *Id.* at 7.

## PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], and the financial information provided in support, the Court finds that Plaintiff does not qualify for *in forma pauperis* status because he has sufficient income to pay the Court's filing fee of $405. The Court will therefore deny the motion.

Plaintiff states that he makes approximately $1600 per month, and he expects to receive $5000 in the future from three separate sources. He reports monthly expenses of $450 and a $3600 debt to the Rock County Circuit Court for Court costs but no additional monthly costs for housing, transportation or food. As such, the Court finds that he can pay the one-time Court filing fee of $405.

**MOTION FOR PERMISSIVE INTERVENTION**

Third-party Lucas Gunatilleke moves to intervene alleging that, like Plaintiff, he has a claim against Defendant Menne. Doc. [10]. Gunatilleke filed a Proposed Complaint along with his motion, alleging that he is a citizen and resident of the United Kingdom. Doc. [10-1]. Gunatilleke asserts that, on or about December 22, 2023, Defendant Menne disseminated his personal information in an online forum, including his date of birth, home address, the full names of his parents, and his mother's telephone number. He further claims that Defendant Menne accused Gunatilleke of giving money and "other forms of support" to a man Menne claimed was a pedophile. Doc. [10-1] at 2. Gunatilleke also seeks to bring claims against Lawrence Himemiya based on an online article on June 30, 2024, accusing Gunatilleke of "enabling pedophilia" and engaging in financial fraud. *Id*. Gunatilleke does not describe any connection between his claims and Plaintiff Werling's claims in this action.

A party may intervene in an action permissively or as of right. To intervene as of right, Gunatilleke must show (1) he has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by disposition of the case; and (3) the interest is not adequately protected by existing parties. *South Dakota ex rel. Barnett v. U.S. Dept of Interior*, 317 F.3d 783, 785 (8th Cir 2003); *see also* Fed. R. Civ. P. 24. Gunatilleke has made none of the requisite showings. His claims against Defendant Menne appear to arise out of different circumstances from Plaintiff Werlings and involve different time periods. For example, Werling indicates that the alleged defamatory statements from Menne occurred in November 2024, and were directed specifically at him from a Reddit account. Gunatilleke states that Defendant Menne's actions were directed at him in December 2023, and he does not indicate the online forum in which they occurred. The disposition of Plaintiff Werling's defamation case will have no bearing on Gunatilleke's legal interests, and vice versa. Gunatilleke's request for intervention as of right is therefore denied.

The Court also declines to grant permissive intervention. Permissive intervention is wholly discretionary. *Barnett*, 317 F.3d at 787. The Court considers whether the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The only commonality between Plaintiff and Gunatilleke is that both are alleging defamation against Defendant Menne. This is not enough to grant permissive intervention to Gunatilleke, especially where the facts of the two cases are otherwise

3

entirely divergent. The Court therefore denies Gunatilleke's motion to intervene, Doc. [10], and denies his other motions as moot.

## SUBJECT MATTER JURISDICTION

Subject matter jurisdiction refers to a Court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject matter jurisdiction "is a threshold requirement that must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). As such, subject matter jurisdiction may be raised at any time, by any party, or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, it does not appear from Plaintiff's Amended Complaint that either federal question jurisdiction or diversity jurisdiction is present.

### A. **Plaintiff does not invoke federal question jurisdiction.**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. To invoke federal question jurisdiction, a complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

In Plaintiff's Amended Complaint, he explicitly asserts that he is pursuing this matter under the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332; Doc. [13-1] at 3. He makes no reference to any federal statutes, treaties, or provisions of the United States Constitution. He does not argue or establish that federal question jurisdiction exists.

### B. Plaintiff does not sufficiently establish diversity jurisdiction.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Complete diversity exists only "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As to the amount in controversy, "[a] complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). A "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*; *see also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

### 1. *Citizenship of the Doe Defendant is not established.*

Plaintiff is suing a Doe Defendant, who he claims is a citizen of the State of Michigan. Plaintiff appears to have identified this Defendant through his Reddit account, "Extension_Nerve_1947," but does not indicate how he knows the Defendant's citizenship but not his proper name. Plaintiff also does not address the complexities of obtaining diversity jurisdiction when a defendant is a John Doe. The Court is wary of proceeding on Plaintiff's conclusory claim to know a John Doe's state of citizenship but not his legal name.

> "For almost two centuries the diversity statute has been interpreted to require complete diversity of citizenship," *Howell by Goerdt v. Tribune Entmt Co.,* 106 F.3d 215, 218 (7th Cir. 1997) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)), a crucial prerequisite which every plaintiff seeking diversity jurisdiction has the burden of alleging and eventually proving, *see Hertz Corp. v. Friend,* 559 U.S. 77, 96–97 (2010). Given this burden, "[t]he general rule . . . has been that . . . the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action." 13F Charles Alan Wright, et al., *Federal Practice & Procedure* § 3642 (3d ed. 2009).

*Lee v. Airgas Mid-S., Inc.,* 793 F.3d 894, 899 (8th Cir. 2015). Given Plaintiff's failure to explain how he knows the Doe Defendant's state of citizenship despite not knowing his name, the Court cannot attach presumptive truthfulness to Plaintiff's assertions regarding John Doe's diversity

from Plaintiff. *See Iowa League of Cities v. EPA,* 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn v. United States*, 918 F.2d 724, 730 n.6 (8th Cir. 1990)). Plaintiff must offer evidence of the Doe Defendant's name and place of citizenship in response to this Order.

### 2. *Citizenship of Defendant Menne is not established.*

Plaintiff summarily asserts that Defendant Menne's state of citizenship is Missouri. But it appears that Plaintiff's only interaction with Menne has been on the online forum Reddit, and it is unclear how he knows Menne's citizenship. As Plaintiff is obligated to offer evidence relating to the Court's jurisdiction, Plaintiff, in his response to this Order, must describe how he ascertained the citizenship of Defendant Menne.

### 3. *The amount in controversy is not established.*

Plaintiff alleges that he is suing for defamation on the basis of this Court's diversity jurisdiction.[1] He asserts that Defendant Menne made an online post about him on a Reddit forum on November 14, 2024, stating, "Everyone begs for update and Daniel content. It takes no time at all out of my day to do so, better than that p3do sippy." Doc. [13-1] at 6. Plaintiff additionally alleges that Defendant Doe "spread lies" about him in October 2024 by commenting on a Reddit post that "an Air Force base put out a notice that [Plaintiff] was armed and dangerous after [Plaintiff] threatened the base." *Id.*

Plaintiff asserts that Menne's post was defamatory because he referred to him, *i.e.,* Lil Sippy, as a pedophile, even though Menne was aware or should have been aware that Plaintiff is not a pedophile. *Id*. Plaintiff also states in a conclusory manner that Defendant Doe knew or reasonably should have known that his statements were false and defamatory.

"Defamation law protects an individual against harm to his or her reputation." *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. banc 2017). To prevail on a defamation claim in Missouri, a plaintiff must plead and prove: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Id.* (citation omitted).

Leaving aside the other five elements for now, the Court finds that Plaintiff has not adequately pled that he has suffered quantifiable damages to his reputation such that he is able to

---

[1] "A district court sitting in diversity applies the [substantive] law, including the choice-of-law rules, of the state in which it sits." *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). Plaintiff has not identified a choice-of-law issue, so the Court will apply Missouri substantive law.

6

meet the amount-in-controversy threshold for diversity jurisdiction. The Supreme Court of Missouri has held that "proof of actual reputational harm is *an absolute prerequisite* in a defamation action." *Kenney v. Wal–Mart Stores, Inc.,* 100 S.W.3d 809, 817 (Mo. banc 2003) (emphasis added) (Because "rules of per se and per quod defamation do not apply in Missouri, a plaintiff must always plead and prove actual damages."). "To demonstrate actual damages [in Missouri], plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression." *Arthaud v. Mut. of Omaha Ins. Co.,* 170 F.3d 860, 862 (8th Cir. 1999). To establish actual damages, a plaintiff must proffer evidence that is not "speculative and must be founded upon more than the plaintiff's embarrassment or perception of their own reputation." *Fireworks Restoration Co. v. Hosto,* 371 S.W.3d 83, 87 (Mo. Ct. App. 2012).

In the Amended Complaint, Plaintiff states that he has suffered "emotional distress" from the statement of Defendant Menne on November 14, 2024, and seeks compensation totaling four million dollars. Doc. [13-1] at 6. But Plaintiff does not quantify the damages wrought by Menne's alleged statement. *See Cockram v. Genesco, Inc.,* 680 F.3d 1046, 1054 (8th Cir. 2012); *Kidd v. Maryville University*, 2020 WL 364282, *3 (E.D. Mo. Jan 22, 2020). His conclusory assertion that he suffered emotional distress fails to set forth enough factual information to establish an entitlement to damages exceeding $75,000.

## C. Plaintiff will be ordered to show cause.

As set forth above, Werling has not provided a basis for this Court's jurisdiction. Plaintiff must show cause within 21 days of the date of this Order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice. Because Plaintiff will be required to show cause as to jurisdiction, his motion to conduct early discovery, Doc. [14], is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Werling's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **DENIED.**

**IT IS FURTHER ORDERED** that Werling is instructed to pay the full $405 filing fee **within 21 days** of the date of this. Plaintiff's failure to pay the full filing fee in a timely manner will result in a dismissal of this action without prejudice.

7

**IT IS FURTHER ORDERED** that Werling's Motion to Amend his Complaint, Doc. [13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Gunatilleke's Motion to Intervene in this action, Doc. [10], is **DENIED**.

**IT IS FURTHER ORDERED** that Gunatilleke's Motion to Proceed *in Forma Pauperis* and Motion for Issuance of Subpoenas, Docs. [11], [12], are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause **within 21 days** of the date of this Order why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Conduct Early Discovery, Doc. [14], is **DENIED without prejudice.**

Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 2nd day of July, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE